IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| CHRISTINA ANN GRAHAM, Individually and as Anticipated Administrator of the ESTATE OF NELSON LEE GRAHAM, JR., Deceased,<br><br>  Plaintiffs,<br><br>v.<br><br>DEPUTY MADISEN EMERSON, DEPUTY KEVIN CLARKE, and DEPUTY ELVIN THOMPSON,<br><br>  Defendants. | CASE NO.: 1:23-CV-180 |

## ANSWER

COME NOW Defendants, Deputy Madisen Emerson, Deputy Kevin Clarke, and Deputy Elvin Thompson, and file this Answer to Plaintiffs' Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims fail due to lack of subject matter jurisdiction.

### THIRD DEFENSE

To the extent they are being sued in an individual capacity, Defendants are entitled to qualified immunity.

### FOURTH DEFENSE

To the extent that they are being sued in an individual capacity, Defendants are entitled to official immunity.

1

**FIFTH DEFENSE**

To the extent that they are being sued in an official capacity, Defendants are entitled to sovereign immunity and immunity pursuant to the 11th Amendment of the United States Constitution.

**SIXTH DEFENSE**

Defendants deny that they used excessive force against Plaintiff.

**SEVENTH DEFENSE**

Defendants deny that they were negligent or committed assault or battery.

**EIGHTH DEFENSE**

Some or all of Plaintiffs' claims are barred by the applicable statutes of limitation and the equitable doctrines of laches, waiver, and estoppel.

**NINTH DEFENSE**

Defendants specifically reserve the right to raise additional claims or defenses which may become available.

**TENTH DEFENSE**

Defendants hereby respond to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

1. The substance of this paragraph is prefatory such that a response is not required. To the extent that a response is required, Defendants deny the allegations set forth in paragraph 1 of Plaintiffs' complaint.
2. Defendants deny the allegations set forth in paragraph 2 of Plaintiffs' complaint.
3. Defendants deny the allegations set forth in paragraph 3 of Plaintiffs' complaint.
4. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 4 of Plaintiffs' complaint.

5. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 5 of Plaintiffs' complaint.

6. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 6 of Plaintiffs' complaint.

7. The substance of this paragraph is prefatory such that a response is not required. To the extent that a response is required, Defendants admit that this Court has jurisdiction.

8. The substance of this paragraph is prefatory such that a response is not required. To the extent that a response is required, Defendants admit that venue is proper.

9. The substance of this paragraph is prefatory such that a response is not required. To the extent that a response is required, Defendants admit only that the referenced laws speak for themselves.

10. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 10 of Plaintiffs' complaint.

11. Defendants admit only that Madisen Emerson was employed by the Richmond County Sheriff's Office; otherwise, Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 11 of Plaintiffs' complaint.

12. Defendants admit only that Madisen Emerson can be served in accordance with the Federal Rules of Civil Procedure.

13. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 13 of Plaintiffs' complaint.

14. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 14 of Plaintiffs' complaint.

15. Defendants admit only that Kevin Clarke was employed by the Richmond County Sheriff's Office; otherwise, Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 15 of Plaintiffs' complaint.

16. Defendants admit only that Kevin Clarke can be served in accordance with the Federal Rules of Civil Procedure.

17. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 17 of Plaintiffs' complaint.

18. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 18 of Plaintiffs' complaint.

19. Defendants admit only that Elvin Thompson was employed by the Richmond County Sheriff's Office; otherwise, Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 19 of Plaintiffs' complaint.

20. Defendants admit only that Elvin Thompson can be served in accordance with the Federal Rules of Civil Procedure.

21. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 21 of Plaintiffs' complaint.

22. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 22 of Plaintiffs' complaint.

23. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 23 of Plaintiffs' complaint.

24. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 24 of Plaintiffs' complaint.

25. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 25 of Plaintiffs' complaint.

26. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 26 of Plaintiffs' complaint.

27. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 27 of Plaintiffs' complaint.

28. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 28 of Plaintiffs' complaint.

29. Defendants admit only that they arrived at the Graham home; otherwise, Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 29 of Plaintiffs' complaint.

30. Defendants admit only that Mr. Graham was in a bedroom; otherwise, Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 30 of Plaintiffs' complaint.

31. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 31 of Plaintiffs' complaint.

32. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 32 of Plaintiffs' complaint.

33. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 33 of Plaintiffs' complaint.

34. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 34 of Plaintiffs' complaint.

35. Defendants admit only that the narrative states that Mr. Graham was "passively resisting via refusing to give Deputies his arms," otherwise, Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 35 of Plaintiffs' complaint.

36. Defendants admit only that Mr. Graham was tased; otherwise, Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 36 of Plaintiffs' complaint.

37. Defendants admit only that Mr. Graham was tased; otherwise, Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 37 of Plaintiffs' complaint.

38. Defendants admit only that Mr. Graham was handcuffed; otherwise, Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 38 of Plaintiffs' complaint.

39. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 39 of Plaintiffs' complaint.

40. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 40 of Plaintiffs' complaint.

41. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 41 of Plaintiffs' complaint.

42. Defendants admit only that Deputy Emerson utilized her Narcan; otherwise, Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 42 of Plaintiffs' complaint.

43. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 43 of Plaintiffs' complaint.

44. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 44 of Plaintiffs' complaint.

45. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 45 of Plaintiffs' complaint.

46. Defendants deny the allegations set forth in paragraph 46 of Plaintiffs' complaint.

47. Defendants deny the allegations set forth in paragraph 47 of Plaintiffs' complaint.

48. Defendants deny the allegations set forth in paragraph 48 of Plaintiffs' complaint.

49. Defendants deny the allegations set forth in paragraph 49 of Plaintiffs' complaint.

50. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 50 of Plaintiffs' complaint.

51. Defendants deny the allegations set forth in paragraph 51 of Plaintiffs' complaint.

52. Defendants deny the allegations set forth in paragraph 52 of Plaintiffs' complaint.

53. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 53 of Plaintiffs' complaint.

54. Defendants admit only that they were dispatched in reference to a 1013; otherwise, Defendants deny the allegations set forth in paragraph 54 of Plaintiffs' complaint.

55. Defendants deny the allegations set forth in paragraph 55 of Plaintiffs' complaint.

56. Defendants deny the allegations set forth in paragraph 56 of Plaintiffs' complaint.

57. Defendants deny the allegations set forth in paragraph 57 of Plaintiffs' complaint.

58. Defendants deny the allegations set forth in paragraph 58 of Plaintiffs' complaint.

59. Defendants deny the allegations set forth in paragraph 59 of Plaintiffs' complaint.

60. Defendants deny the allegations set forth in paragraph 60 of Plaintiffs' complaint.

61. Defendants deny the allegations set forth in paragraph 61 of Plaintiffs' complaint.

62. Defendants deny the allegations set forth in paragraph 62 of Plaintiffs' complaint.

63. Defendants deny the allegations set forth in paragraph 63 of Plaintiffs' complaint.

64. Defendants deny the allegations set forth in paragraph 64 of Plaintiffs' complaint.

65. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 65 of Plaintiffs' complaint.

66. Defendants deny the allegations set forth in paragraph 66 of Plaintiffs' complaint.

67. Defendants deny the allegations set forth in paragraph 67 of Plaintiffs' complaint.

68. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 68 of Plaintiffs' complaint.

69. Defendants admit only that they were dispatched in reference to a 1013; otherwise, Defendants deny the allegations set forth in paragraph 69 of Plaintiffs' complaint.

70. Defendants deny the allegations set forth in paragraph 70 of Plaintiffs' complaint.

71. Defendants deny the allegations set forth in paragraph 71 of Plaintiffs' complaint.

72. Defendants deny the allegations set forth in paragraph 72 of Plaintiffs' complaint.

73. Defendants deny the allegations set forth in paragraph 73 of Plaintiffs' complaint.

74. Defendants admit only that O.C.G.A. §§ 51-1-13 and 15-1-14 speak for themselves.

75. Defendants deny the allegations set forth in paragraph 75 of Plaintiffs' complaint.

76. Defendants deny the allegations set forth in paragraph 76 of Plaintiffs' complaint.

77. Defendants deny the allegations set forth in paragraph 77 of Plaintiffs' complaint.

78. Defendants deny the allegations set forth in paragraph 78 of Plaintiffs' complaint.

79. Defendants deny the allegations set forth in paragraph 79 of Plaintiffs' complaint.

80. Defendants deny the allegations set forth in paragraph 80 of Plaintiffs' complaint.

81. Defendants deny the allegations set forth in paragraph 81 of Plaintiffs' complaint.

82. Defendants deny the allegations set forth in paragraph 82 of Plaintiffs' complaint.

83. Defendants deny the allegations set forth in paragraph 83 of Plaintiffs' complaint.

84. Defendants deny the allegations set forth in paragraph 84 of Plaintiffs' complaint.

85. Defendants deny the allegations set forth in paragraph 85 of Plaintiffs' complaint.

86. Defendants deny the allegations set forth in paragraph 86 of Plaintiffs' complaint.

87. Defendants deny the allegations set forth in paragraph 87 of Plaintiffs' complaint.

88. Defendants deny the allegations set forth in paragraph 88 of Plaintiffs' complaint.

89. Defendants deny the allegations set forth in paragraph 89 of Plaintiffs' complaint.

90. Defendants deny the allegations set forth in paragraph 90 of Plaintiffs' complaint.

91. Defendants deny the allegations set forth in paragraph 91 of Plaintiffs' complaint.

92. Defendants deny the allegations set forth in paragraph 92 of Plaintiffs' complaint.

93. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 93 of Plaintiffs' complaint.

94. Defendants deny the allegations set forth in paragraph 94 of Plaintiffs' complaint.

95. Defendants deny the allegations set forth in paragraph 95 of Plaintiffs' complaint.

96. Defendants deny the allegations set forth in paragraph 96 of Plaintiffs' complaint.

97. Defendants deny the allegations set forth in paragraph 97 of Plaintiffs' complaint.

98. Defendants deny the allegations set forth in paragraph 98 of Plaintiffs' complaint.

99. Defendants deny the allegations set forth in paragraph 99 of Plaintiffs' complaint.

100. Defendants deny the allegations set forth in paragraph 100 of Plaintiffs' complaint.

101. Defendants deny the allegations set forth in paragraph 101 of Plaintiffs' complaint.

102. Defendants deny the allegations set forth in paragraph 102 of Plaintiffs' complaint.

103. Defendants deny the allegations set forth in paragraph 103 of Plaintiffs' complaint.

104. Defendants deny the allegations set forth in paragraph 104 of Plaintiffs' complaint.

105. Defendants deny the allegations set forth in paragraph 105 of Plaintiffs' complaint.

106. Defendants deny the allegations set forth in paragraph 106 of Plaintiffs' complaint.

107. Defendants deny the allegations set forth in paragraph 107 of Plaintiffs' complaint.

108. Defendants deny the allegations set forth in paragraph 108 of Plaintiffs' complaint.

109. Defendants deny the allegations set forth in paragraph 109 of Plaintiffs' complaint.

## ELEVENTH DEFENSE

Defendants deny each and every requested prayer for relief contained in Plaintiffs' Complaint.

## TWELFTH DEFENSE

To the extent that an answer to any allegation was omitted, Defendants hereby deny all such allegations.

**WHEREFORE,** Defendants pray that this Court:

a. Dismiss Plaintiffs' Complaint with prejudice;
b. Grant judgment to Defendants;
c. Assess all costs against Plaintiff; and
d. Award such other and further relief as just and proper.

Respectfully submitted this 28th day of December 2023.

/s/Tameka Haynes
**Tameka Haynes**
Georgia Bar No. 453026
**Randolph Frails**
Georgia Bar No. 272729

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile: 706-855-7631
thaynes@frailswilsonlaw.com
randyfrails@frailswilsonlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| CHRISTINA ANN GRAHAM, individually and as Anticipated Administrator of the ESTATE OF NELSON LEE GRAHAM, JR., Deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>DEPUTY MADISEN EMERSON, DEPUTY KEVIN CLARKE, and DEPUTY ELVIN THOMPSON,,<br><br>    Defendants. | CASE NO.: 1.23-CV-180 |

## CERTIFICATE OF SERVICE

This is to certify that the within and foregoing **Answer** was served upon the following party in accordance with ECF rules by electronically filing a copy with the Clerk of Court using the CM/ECF system or by mailing a copy via United States Mail with adequate postage attached thereon to:

Jesse Van Sant
Eric J. Hertz, PC
8300 Dunwoody Place, Suite 210
Atlanta, GA 30350

This 28th day of December 2023.

/s/Tameka Haynes
**Tameka Haynes**
Georgia Bar No. 453026
**Randolph Frails**
Georgia Bar No. 272729

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile:  706-855-7631
thaynes@frailswilsonlaw.com
randyfrails@frailswilsonlaw.com